```
                                                          FILED
 1  IRELL & MANELLA LLP
    Marc Maister (SBN 155980; mmaister@irell.com)        SEP - 1 2005
 2  Michael Fehner (SBN 207312; mfehner@irell.com)
    840 Newport Center Drive, Suite 400                  RICHARD W. WIEKING
 3  Newport Beach, CA  92660-6324                      CLERK, U.S. DISTRICT COURT
    Telephone:  (949) 760-0991                        NORTHERN DISTRICT OF CALIFORNIA
 4  Facsimile:  (949) 760-5200

 5  Attorneys for Plaintiff
    The Flintkote Company
 6
    LYNBERG & WATKINS
 7  A Professional Corporation
    Judith R. Gold (SBN 61291; jgold@lynberg.com)
 8  Michael J. Larin (SBN 77116; mlarin@lynberg.com)
    888 South Figueroa St., 16th Floor
 9  Los Angeles, CA  90017
    Telephone: (213) 624-8700
10  Facsimile: (213) 892-2763

11  Attorneys for Defendant Aviva Insurance
    Company of Canada (sued as General
12  Accident Assurance Company of Canada)

13
14                    UNITED STATES DISTRICT COURT
15                  NORTHERN DISTRICT OF CALIFORNIA
16                      SAN FRANCISCO DIVISION
17
18  THE FLINTKOTE COMPANY, a Delaware   )   Case No. C 04-01827 MHP
    corporation,                        )
19                                      )
           Plaintiff,                   )
20                                      )
       vs.                              )
21                                      )
    GENERAL ACCIDENT ASSURANCE          )   STIPULATION AND PROTECTIVE
22  COMPANY OF CANADA, a Canada         )   ORDER REGARDING CONFIDENTIAL
    insurance company; GENERAL ACCIDENT )   INFORMATION
23  FIRE AND LIFE ASSURANCE             )
    CORPORATION LIMITED OF PERTH,       )
24  SCOTLAND, a Scotland insurance company; )
    and DOES ONE through TEN,           )
25                                      )
           Defendants.                  )
26                                      )
27
28
_____
STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION

1336405.
```

1   **WHEREAS**, the parties to this Stipulated Protective Order wish to exchange documents and deposition testimony between themselves but do not intend that certain documents and information disclosed in deposition testimony or written discovery should lose their proprietary confidential nature by virtue of such exchange, or that other confidential information be disseminated.

**IT IS HEREBY STIPULATED** by the Flintkote Company ("Flintkote") and Aviva Insurance Company and Canada (sued as General Accident Assurance Company of Canada) ("Aviva") (collectively, the "Parties"), acting through their respective counsel of record, that the terms and conditions of this protective order shall be applicable to and govern the treatment of information, depositions, documents, writings and other tangible things disclosed, produced, provided or exchanged by the Parties and material produced by third-party witnesses in this action ("Confidential Information" as defined in paragraph 2, below) as follows:

1.   <u>Proceedings and Information Governed</u>.  This order is applicable to the Parties, including any person or entity made a party to this action after the Effective Date of this order, and will govern any document, video or audio recording, information, or other thing furnished by the Parties, including third parties, to any other Party in connection with the discovery and pretrial phase of this action.  The information protected includes, but is not limited to, responses to requests to produce documents or other things; responses to interrogatories; responses to requests for admissions; deposition testimony and exhibits; responses to subpoenas, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.  This order does not govern proceedings during trial, nor does it prohibit the Parties from seeking a protective order to govern proceedings during trial.

2.   <u>Confidential Information Defined</u>.  For the purposes of this order, "Confidential Information" will mean all information, documents, video or audio recording, computer disks or any other material that is produced to or disclosed to a receiving party, which is stamped with the words "Confidential Information."  With respect to deposition testimony, any attorney for any of the Parties may unilaterally declare that any information discussed on the record during a deposition, and the transcript of any deposition, contains Confidential Information by so indicating

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
- 1 -

on the record at any time during the deposition. If any attorney for any of the Parties so declares, both the deposition transcript and all information discussed on the record during such deposition shall be subject to this Stipulated Protective Order.

3. <u>Information Not Governed by this Order</u>. The restrictions of this order will not apply to any information that:

(a) At the time of the disclosure to a qualified recipient (as defined in paragraph 5) is in the public domain;

(b) After disclosure to a qualified recipient becomes part of the public domain as a result of publication not involving a violation of this order;

(c) A qualified recipient can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

4. <u>Scope of Restriction</u>. The restrictions on the use of Confidential Information established by this order apply to the use by a Party of Confidential Information received from another Party or any third person or entity.

5. <u>Persons Authorized to Receive Confidential Information</u>. With respect to Confidential Information exchanged between the Parties, and for the purpose of this Order, "Qualified Recipient" will mean, with respect to Confidential Information that is designated as "Confidential Information," only the persons identified in sub-paragraphs (a) through (j) of this paragraph:

(a) The attorneys of record in this action and any attorneys retained by the Parties to consult on the litigation; their respective partners, associates, clerks, legal assistants, and stenographic and support personnel; and organizations and their employees, retained by such attorneys to provide litigation support services in this action;

(b) Independent experts and consultants, and their employees, retained in this action by the attorneys of record subject to their execution of the "Agreement to be Bound by the Stipulation and Protective Order Regarding Confidential Information," attached hereto as **Exhibit 1** (counsel for the Parties shall require each consultant and/or expert retained in this action, as well as each person assisting each consultant and/or expert, to execute **Exhibit 1** attached hereto prior

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

- 2 -

to providing the consultant and/or expert with any confidential information);

    (c)    The individual Parties to this action;

    (d)    The Parties' officers, directors, and employees;

    (e)    The persons who are the authors or addressees of the Confidential Information;

    (f)    Claims adjusters of Aviva's reinsurers, if any, subject to their agreement to abide by the terms of this order;

    (g)    Court personnel;

    (h)    Stenographic reporters in accordance with paragraph 12;

    (i)    Persons giving deposition testimony, subject to their agreement to abide by the terms of this order; and

    (j)    Other persons who may be later designated by written agreement of the Parties or by order of the Court, obtained on noticed motion (or on shortened time as allowed by the Court) permitting such disclosure, or who otherwise obtain authorization to receive Confidential Information in accordance with this order.

6.    <u>Documents Produced During Discovery</u>. All documents and physical objects, including video and audio tapes, computer disks, produced during discovery and designated as Confidential Information, as provided in paragraph 2, above, will be considered as a whole to constitute Confidential Information.

7.    <u>Removal of Confidential Information from the Scope of this Order ("Removal")</u>. A party may seek removal of particular items of Confidential Information from this order by giving counsel for all Parties written notice of his or her intent to seek removal, supported by reasons for the removal, specifying the items of Confidential Information for which removal is sought. The request will become effective unless, within ten (10) days after actual receipt of the request, a party serves a written objection to the removal, stating the reasons for the objection to the removal. The Parties will confer to attempt to resolve the objection, but if the Parties cannot resolve the objection within ten (10) days after actual receipt of the written objection, the party seeking to remove particular items of Confidential Information from this order may thereafter file and serve the Parties with a motion for relief from this Order. The moving party shall bear the burden of demonstrating that the information designated as Confidential

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

- 3 -

information should not be subject to this Order.

8. <u>Use of Confidential Information</u>. Any Confidential Information will be handled by the receiving party in accordance with the terms of this order. Confidential Information will be held in confidence by each receiving party, will only be used by each receiving party for purposes of this action and not for any business or other purpose unless agreed to in writing by the producing party or as authorized by further order of the Court, and will not be disclosed to any person who is not a Qualified Recipient, except as provided in this order. All Confidential Information will be maintained so as to preclude access by persons who are not Qualified Recipients.

9. <u>Copies of Confidential Information</u>. Confidential Information will not be copied or otherwise reproduced by a receiving party, except for transmission to Qualified Recipients, without the written permission of the producing party or by further order of the Court. Nothing in this order will restrict a Qualified Recipient from making working copies, abstracts, digests, and analysis of Confidential Information for use in connection with this action. All working copies, abstracts, digests, and analysis will be considered Confidential Information under the terms of this order.

10. <u>Transmission of Information</u>. Nothing in this order will prohibit the transmission or communication of Confidential Information between or among Qualified Recipients.

(a) By hand delivery;

(b) By face-to-face conference;

(c) In sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

(d) By telephone, telegram, facsimile, or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a Qualified Recipient.

In order to ensure that there is no inadvertent or intentional transmission or disclosure of Confidential Information to persons or entities that are not Qualified Recipients, the attorneys for the Parties shall notify all persons in their respective offices who will have access to any Confidential Information of the existence of this Stipulated Protective Order, and shall instruct all persons in their respective offices that no Confidential Information is to be transmitted from their respective offices until

such transmission is approved by an attorney of their respective offices. If there is any inadvertent or unauthorized disclosure of Confidential Information, the parties will cooperate and take all reasonable efforts to rectify the situation.

11. <u>Court Procedures</u>. If any party desires to submit Confidential Information to the Court, it must do one of the following: 1) provide written notice to the designating party by telecopier no less than ten (10) days prior to that submission, to allow the designating party to file a noticed motion to file the Confidential Information under seal prior in accordance with California Rules of Court 243.1 and 243.2. If a motion is filed by the designating party within ten (10) days of the telecopied notice, the submitting party shall lodge the Confidential Information with the Court pending the resolution of the sealing motion; 2) Alternatively, a party desiring to submit Confidential Information to the Court may lodge the Confidential Information concurrently with the filing of a noticed motion under California Rules of Court 243.1 and 243.2 seeking permission to file the material under seal. The lodged information shall remain under seal pending the Court's resolution of the motion.

12. <u>Depositions</u>. Any deposition reporter who takes down testimony in this action will be given a copy of this order and will be required to agree on the transcript of the deposition, before taking down any testimony, that he or she will not disclose any Confidential Information revealed at the deposition, except to the attorneys of record for the Parties in this action.

Whenever any Confidential Information will be discussed or disclosed in a deposition, any party claiming confidentiality may exclude from the room any person who is not entitled to receive such Confidential Information.

13. <u>Subpoenas</u>. If any person or party having possession, custody, or control of any thing designated as Confidential Information by another party receives a subpoena or other process or order to produce Confidential Information, he or she will:

(a) Immediately notify in writing (via facsimile transmission and regular mail) the attorneys of record of all Parties of the Confidential Information sought by the subpoena or other process or order, but in no event shall notice to all Parties of any such subpoena be provided to the Parties less than ten (10) days before the subpoenaed party complies with any such subpoena;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
- 5 -

    (b)  Immediately furnish those attorneys with a copy of the subpoena or other process or order; and

    (c)  Provide reasonable cooperation with respect to any procedure to protect the Confidential Information sought to be pursued by the party whose interests may be affected.

  If any party makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure of the subject matter objected to under the subpoena, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this order.

  14.  <u>No Waiver</u>.

    (a)  The taking of, or the failure to take, any action to enforce the provisions of this order will not constitute a waiver of any right to seek and obtain protection or relief, either as specified in this order or otherwise. This order is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this order, when convenience or necessity requires. This order will not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets, confidential or proprietary information claims, nor will this order relieve a party of the necessity of proper response to discovery devices.

    (b)  This order will not affect the rights of the Parties to object to discovery on the ground that the discovery sought is not reasonably calculated to lead to the discovery of admissible evidence or any other appropriate objection to the discovery sought. Nothing in this order shall preclude any party from seeking an additional protective order with respect to the disclosure of Confidential Information.

    (c)  By stipulating to this order, no party concedes or waives the right to contest that any information or documents are confidential or otherwise subject to any privilege, including but not limited to the attorney-client privilege. Production of information or documents pursuant to this order will not constitute an implied waiver of any applicable privilege, including the attorney-client privilege.

  15.  <u>Return of Information</u>. At the conclusion of this action, all Confidential Information (including all copies) will, on request of the party furnishing the information be delivered to the party that

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

- 6 -

1 furnished the Confidential Information by the receiving party or parties and their agents, including, but 2 not limited to, their attorneys and experts, or destroyed by the receiving party or parties and their agents, 3 including, but not limited to, their attorneys and experts, at the option of the producing party. If the 4 receiving party is requested to destroy all Confidential Information, the receiving parties and their agents 5 will provide an affidavit to the producing party within ten (10) days of such request that the Confidential 6 Information has been destroyed. In no event will a party or his or her agents retain a copy of any 7 Confidential Information produced to him or her after the conclusion of this action. All Confidential 8 Information not embodied in written materials, documents, or tangible items will remain subject to this 9 order.

10    16.    Court's Jurisdiction. The Court retains jurisdiction to make amendments, modifications, 11 deletions, and additions to this order as the Court from time to time considers appropriate. The provisions 12 of this order regarding the use or disclosure of Confidential Information will survive the termination of 13 this action, and the Court will retain jurisdiction with respect to this order.

14    17.    Notices. Any of the notice requirements in this order may be waived, in whole or in part, 15 but only a writing signed by the attorney of record for the party against whom such waiver is sought will 16 be effective.

17    18.    Counterparts. This document may be executed in counterparts, each of which, when 18 incorporated with the other, shall constitute one document.

19    19.    Effective Date; Prior Exchanges of Information. The parties have exchanged 20 information, including Confidential Information, in the mediation/settlement context pursuant to an 21 agreement of confidentiality. The parties represent that there have been no unauthorized disclosures of 22 that information, and agree that this Order shall apply to those exchanges.

23 IT IS SO STIPULATED.

24
25
26
27
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
- 7 -

| | | |
|---|---|---|
| 1 | Dated: August ___, 2005 | IRELL & MANELLA LLP |
| 2 | | |
| 3 | | By: *Mike Fehner by MGM* |
| 4 | | Michael Fehner |
| 5 | | Attorneys for Plaintiff |
| | | The Flintkote Company |
| 6 | | |
| 7 | Dated: August ___, 2005 | LYNBERG & WATKINS |
| 8 | | |
| 9 | | By: _____ |
| 10 | | Judith Gold |
| | | Attorneys for Defendant Aviva Insurance |
| 11 | | Company of Canada |

**GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Marilyn Hall Patel
UNITED STATES DISTRICT JUDGE

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

- 8 -

1250962v1

```
 1  Dated: August ___, 2005                    IRELL & MANELLA LLP
 2
 3
                                               By: _____
 4                                                 Michael Fehner
                                                   Attorneys for Plaintiff
 5                                                 The Flintkote Company
 6
 7  Dated: August 8, 2005                      LYNBERG & WATKINS
 8
 9
                                               By: _____
10                                                 Judith Gold
                                                   Attorneys for Defendant Aviva Insurance
11                                                 Company of Canada
12
13
14
    GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.
15
16
    Dated: _____
17                                             _____
                                               The Honorable Marilyn Hall Patel
18                                             UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28
```

## ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER

IN C- __04-1827__ MHP

The above (attached) stipulation re confidentiality is approved except as follows:

1) Counsel shall narrowly tailor the documents, materials or papers that come within this order

2) As applied to documents, materials or papers filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges accepted in the federal courts, or have a <u>compelling</u> need for confidentiality.

3) Documents, material or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order the court. The parties are reminded that the federal courts are public fora and matters to be heard by the court are conducted publicly. Furthermore, documents, materials or other papers submitted as exhibits will remain as part of the court record and may not be withdrawn without order of the court.

4) Under no circumstances shall memoranda or pleadings required to be filed with the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules of this District be filed under seal.

IT IS SO ORDERED.

Dated: __8/31/05__

MARILYN HALL PATEL
United States District Judge

# AGREEMENT TO BE BOUND BY THE STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

### (Exhibit 1)

I, _____, hereby acknowledge that I have received and reviewed a copy of the "Stipulation and Protective Order Regarding Confidential Information" submitted in *The Flintkote Company vs. General Accident Assurance Company of Canada, et al.*, Case No. C04-01827 MHP ("Stipulated Protective Order"). I agree to be bound by the terms of the Stipulated Protective Order and I submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcement of the Stipulated Protective Order. I understand that any unauthorized disclosure of Confidential Information covered by the Stipulated Protective Order may subject me, without limitation, to contempt of court penalties, and/or a suit for damages.

DATED: _____     BY: _____

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

- 9 -