UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLINTKOTE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA, a Canada insurance company; GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED OF PERTH, SCOTLAND, a Scotland insurance company; and Does ONE through TEN,<br><br>Defendants.<br>_____/ | No. C 04-01827 MHP<br><br><br><br>**MEMORANDUM & ORDER**<br>**Re: Motion to Dismiss** |

On April 14, 2004, plaintiff Flintkote Company filed an action in San Francisco Superior Court against defendants General Accident Assurance Company of Canada and General Accident Fire and Life Assurance Corporation Limited of Perth, Scotland, predecessors of Aviva Insurance Company of Canada. The state complaint alleged breach of contract for defendants' failure to defend or indemnify plaintiff for claims covered under an insurance policy issued to two of plaintiff's subsidiaries. Defendants removed the action to this court. Now before the court is defendants' motion to dismiss a portion of plaintiff's First Amended Complaint. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

## BACKGROUND

Plaintiff, presently based in San Francisco, is a company that formerly mined and sold asbestos and asbestos-based products. Defendants are insurance companies that issued general liability policies to two of plaintiff's Canadian subsidiaries—The Flintkote Company of Canada LTD and The Flintkote Mines Limited. Plaintiff was recently forced to seek bankruptcy protection as a result of the enormous volume of asbestos-related litigation that arose in response to the revelation that exposure to asbestos fibers can have severe long-term health consequences. Plaintiff brought the present action in order to obtain declaratory relief related to the scope of coverage under plaintiff's policies with defendants, as well as indemnification for money paid out as a result of past litigation.

The parties appeared before this court for a status conference on March 20, 2006. At the status conference, the parties noted that a dispute had arisen as to the scope of the declaratory relief sought by plaintiff. Plaintiff claimed to seek declaratory relief as to all asbestos claims, past, present and future, for which defendants might have a duty to defend or a duty to indemnify. Defendants claimed that plaintiff is only entitled to seek relief as to lawsuits which have terminated, either through a final judgment or settlement, and lawsuits which have already been filed but are still pending. In order to clarify the scope of the litigation, defendants permitted plaintiff to file a First Amended Complaint ("FAC") which clearly articulates plaintiff's request for a declaration applying to future asbestos lawsuits. Defendants now move to dismiss the portion of the FAC relating to future lawsuits on the grounds that it is not a proper case or controversy under Article III of the United States Constitution.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)[1] asserts that the court lacks "jurisdiction over the subject matter." Fed. R. Civ. P. 12 (b)(1). The party claiming federal jurisdiction has the burden to prove that jurisdiction exists. Sissoko v. Rocha, 440 F.3d 1145, 1161 (9th Cir. 2006). Federal district courts are "courts of limited jurisdiction" and Article III of the

1 Constitution restricts the jurisdiction of federal courts to "cases" and "controversies."  Exxon Mobil
2 Corp. v. Allapattah Servs., 125 S. Ct. 2611, 2616–17 (2005); Lujan v. Defenders of Wildlife, 504
3 U.S. 555, 559–60 (1992).  The dispute "must be a real and substantial controversy admitting of
4 specific relief through a decree of a conclusive character, as distinguished from an opinion advising
5 what the law would be upon a hypothetical state of facts."  Aetna Life Ins. Co. v. Haworth, 300 U.S.
6 227, 241 (1937) (citing Muskrat v. United States, 219 U.S. 346 (1911)).

DISCUSSION

I.   Plaintiff's Claim for Declaratory Relief

Plaintiff's FAC contains two claims.  The first claim, for breach of contract, seeks damages associated with defendants' alleged failure to defend plaintiff in past lawsuits with asbestos-related claims, as well as indemnification for any settlement payments or adjudications of liability in those past lawsuits.  FAC ¶¶ 10–12.  Defendants do not contest the justiciability of the breach of contract claim.

Plaintiff's second claim, for declaratory relief, seeks two separate declarations with respect to defendants' duties in pending and future lawsuits with asbestos-related claims.  First, plaintiff seeks a declaration that "Defendants . . . are obligated under the Policies to defend Plaintiff against asbestos-related claims, both pending and in the future."  FAC ¶ 15.  Second, plaintiff seeks a declaration that "Defendants . . . are obligated under the Policies to indemnify Plaintiff for settlement payments, adjudications, or other determinations of liability relating to asbestos-related claims."  Id.  Plaintiff defines "asbestos-related claims" as "claims of bodily injury from asbestos exposure implicating Plaintiff, triggering the Policies, and not otherwise excluded by the Policies." Id.

Defendants do not contest the justiciability of plaintiff's second claim as it applies to "pending" asbestos-related claims—lawsuits which have already been filed against plaintiff but have not yet reached resolution through settlement or final judgment.  Defendant argues only that the court may not provide declaratory relief as to future, unfiled lawsuits because plaintiff's claims

3

against defendants with respect to future lawsuits are not actual cases or controversies as required by Article III.

## II. Declaratory Relief Pertaining to Future Lawsuits

Defendants' argument is not novel. The D.C. Circuit considered a nearly identical justiciability challenge twenty-five years ago in <u>Keene Corp. v. Insurance Co. of North America</u>, 667 F.2d 1034 (D.C. Cir. 1981). In <u>Keene</u>, a manufacturer of asbestos products sued its insurers, seeking a declaration that the insurers had a duty to defend plaintiff in any lawsuit seeking recovery for an asbestos-related disease, as well as a duty to indemnify plaintiff to the full extent of its liability in those suits. <u>Id.</u> at 1039. The insurance companies moved to dismiss based on plaintiff's failure to identify a case or controversy, alleging that "Keene must raise insurance coverage issues in the context of a particular case in which an insurance company has refused to defend or indemnify Keene." <u>Id.</u>

The court disagreed, finding that Keene had adequately established the existence of a live controversy between the parties:

> This suit by Keene does not present a hypothetical set of facts. Keene has been, and will continue to be, sued for injuries that result from the use of its asbestos products. For each of these suits—past, present, and future—the rights and obligations of Keene and its insurers must be resolved. There can be no question that the interpretation of the contracts at issue in this case presents a "real and substantial controversy" that can be specifically resolved by a decision in this case.
>
> Aetna implies that the rights and obligations created by the insurance policies cannot be determined without consideration of the facts of a particular tort suit. We have before us, however, the terms of the insurance policies and the facts of the particular types of diseases whose coverage is at issue. We are not aware or informed of any facts that would come to light in a particular tort suit that would be relevant to the determination of the policies' applicability to Keene's liability for asbestos-related injury. We hold, therefore, that the case is justiciable.

<u>Id.</u> at 1040.

In <u>ACandS, Inc. v. Aetna Casualty & Surety Co.</u>, 666 F.2d 819 (3d Cir. 1981), the Third Circuit considered a similar dispute between an asbestos manufacturer and its insurers. The district court found the case to be nonjusticiable:

> The district court decided that the matters before it were not justiciable, and dismissed the complaint and cross-claim. The court determined that it was being

4

> asked to render a constitutionally impermissible advisory opinion as to the legal interrelationship of ACandS, Aetna and Travelers: there was no concrete dispute because the parties and the facts of the underlying asbestos suits were not before the court; plaintiff had no actual need for a determination of insurance coverage since it had not yet become liable to pay any judgment; and declaratory relief would not necessarily terminate the controversy. The claims for declaratory relief were thus dismissed as beyond the constitutional competence of a federal court.

Id. at 822. The Court of Appeals rejected this reasoning, finding the case to be justiciable:

> The dispute between Aetna, Travelers and ACandS as to the coverage of the insurance policies is real and concrete. The factors that will determine the relative duties and benefits under the insurance contracts are independent of the underlying claims and are being presented in an adversarial context by parties with adverse interests. . . . Declaratory suits to determine the scope of insurance coverage have often been brought independently of the underlying claims albeit the exact sums to which the insurer may be liable to indemnify depend on the outcome of the underlying suits.

Id. at 822–23.

The Ninth Circuit endorsed the reasoning of ACandS in Eureka Federal Savings & Loan Association v. American Casualty Co., 873 F.2d 229, 232 (9th Cir. 1989). In Eureka, a savings and loan sued an insurer seeking a declaration of coverage for two of the savings and loan's directors, who were named defendants in a parallel lawsuit. Id. at 230–31. The insurer argued that the court lacked jurisdiction to decide the scope of coverage because the liability of the directors had not yet been established. Id. at 231. The Ninth Circuit disagreed, noting that resolution of the coverage issue would facilitate settlement of the dispute: "The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment . . . . To delay for the sake of more concrete development would prevent the litigants from shaping a settlement strategy and thereby avoiding unnecessary costs." Id. at 232 (quoting ACandS, 666 F.2d at 823).

The facts in this case are indistinguishable from those in Keene and ACandS. Plaintiff has already tendered many cases to defendants for defense and indemnification, and will continue to do so in the future as the asbestos-related claims against plaintiff continue to be filed, notwithstanding plaintiff's bankruptcy. Defendants thus far have refused coverage altogether. There is no doubt that the dispute in this case is "real and concrete."

Defendants also argue that the cases cited by plaintiff concern ripeness, while defendants

5

challenge plaintiff's complaint as requiring an impermissible advisory opinion. As an initial matter, this argument is untenable in light of the language in ACandS rejecting the district court's finding that the relief sought was an advisory opinion. See 666 F.2d at 822. Moreover, defendants have not provided any coherent explanation of how the two doctrines apply differently to the present case.

Defendants also attempt to distinguish Keene and ACandS on the grounds that the relief sought in those cases was less specific than the relief requested in this case—declarations of "coverage" as opposed to a declaration of "liability." This argument misconstrues the nature of the relief plaintiff seeks and the relief requested in the precedent cases. Plaintiff's second claim requests a declaration that certain categories of asbestos-related claims trigger the duty to defend and indemnify: "claims of bodily injury from asbestos exposure implicating Plaintiff, triggering the Policies, and not otherwise excluded by the Policies." The plaintiff in ACandS requested far more detailed declarations as to the respective obligations of several insurers, each of which advanced arguments for how liability should be divided. 666 F.2d at 821. Similarly, in Keene the plaintiff requested a declaration that "any stage in the progression of an asbestos-related disease triggers coverage of Keene's entire liability under each of the policies." 667 F.2d at 1039. The requested declaration of coverage in this case is no more detailed than those sought in Keene and ACandS.

Defendants also argue that they have no present duty to defend against claims that have not yet been filed against plaintiff. While that may be true, it has no bearing on plaintiff's request for clarification as to what asbestos-related cases will trigger that duty.

None of the cases cited by defendants is applicable here, as all involve disputes that were unlikely to materialize at all. In Solo Cup Co. v. Federal Insurance Co., 619 F.2d 1178 (7th Cir. 1980), the court found that the dispute was not ripe where no claims had yet been filed against the plaintiff and the insurer had not yet refused coverage. In Siebels Bruce Group v. R.J. Reynolds Tobacco Co., No. C 99-00593, 1999 WL 760527, at *10 (N.D. Cal. Sept. 21, 1999) (Patel, C.J.), this court found that there was no likelihood of future claims. In addition, the court noted that the relief requested—a precise determination of the degree of fault between two tortfeasors—was impossible to determine without regard to the facts of a specific case. Id. In Board of Education ex rel. Johnson

6

County v. United States Gypsum Co., 580 F. Supp. 284, 293 (E.D. Tenn. 1984), vacated in part, 664 F. Supp. 1127 (E.D. Tenn. 1985), the plaintiff had "not alleged that there are any outstanding claims against it arising out of the presence of asbestos in the school." Finally, in Atlanta Gas Light Co. v. Aetna Casualty & Surety Co., 68 F.3d 409, 415 (11th Cir. 1995) the court found that the plaintiff had not yet been required to engage in environmental cleanup or contacted any of its insurers at all. Here, in contrast, defendants concede that there are already pending cases in which defendants have refused to defend plaintiff which justify declaratory relief. The declaratory relief sought will apply equally to yet-to-be-filed suits.

Defendants' argument in support of dismissal appears to be predicated on the absurd assumption that plaintiff must individually litigate defendants' obligations with respect to each asbestos-related lawsuit that is filed. Aside from being impossible, this suggested approach would frustrate the entire purpose of obtaining insurance policies with broad duties to defend.

The flaw in defendants' motion is perhaps underscored best by defendants' inability to articulate the consequences of dismissing the future component of plaintiff's claims: "Moreover, Flintkote misunderstands the basis for defendants' Motion. It is not 'that no declaration issued by this Court can be applied in the future.' . . . Instead, the basis for Aviva's Motion is that as to future, unmade asbestos claims, the parameters of which are entirely unknown, a declaration of the parties' rights as to those claims would constitute a prohibited advisory opinion." Reply Brief at 1. Given that there is indisputably a present controversy between the parties regarding coverage, which extends to currently pending claims, there is no difference between "appl[ying]" the court's declaratory ruling to future claims and "declar[ing]. . . the parties' rights as to those claims."

The nature of the declaratory relief available in this lawsuit is of course limited by the need to avoid delving into the details of particular asbestos claims against plaintiff. The relief sought by plaintiff, however, is categorical—imposing a duty to defend and indemnify plaintiff in asbestos-related lawsuits. Defendants do not appear to dispute that the court may make categorical declarations which apply to pending lawsuits. Extending the scope of the declaratory relief to

7

1 additional similar lawsuits, which will be filed in the future with a high degree of certainty, does not
2 exceed the court's authority under Article III.
3 CONCLUSION
4     For the foregoing reasons, defendants' motion to dismiss is DENIED.

7     IT IS SO ORDERED.

10 Dated: July 3, 2006

                                  MARILYN HALL PATEL
                                  District Judge
                                  United States District Court
                                  Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

8

# ENDNOTES

1. Defendants purport to bring their motion to dismiss under Rule 12(b)(6), for failure to state a claim. A motion to dismiss for lack of subject matter jurisdiction under Article III, however, falls under Rule 12(b)(1).