IRELL & MANELLA LLP
Marc S. Maister (SBN 155980; mmaister@irell.com)
Laura A. Seigle (SBN 171358; lseigle@irell.com)
Michael Fehner (SBN 207312; mfehner@irell.com)
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Plaintiff
The Flintkote Company

ROBINSON & WOOD, INC.
Jesse F. Ruiz (SBN 77984; JFR@robinsonwood.com)
Archie S. Robinson (SBN 34789; ASR@robinsonwood.com)
Bonnie Margaret Ross (SBN 178591; BMR@robinsonwood.com)
227 North First Street
San Jose, CA 95113
Telephone: (408) 298-7120
Facsimile: (408) 298-0477

Attorneys for Defendant
Aviva Insurance Company of Canada

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE FLINTKOTE COMPANY, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA, a Canada insurance company; GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED OF PERTH, SCOTLAND, a Scotland insurance company; and DOES ONE through TEN,<br><br>　　　　　Defendants. | Case No. C 04-01827 MHP<br><br>**JOINT STIPULATION RE: ORDER APPOINTING SPECIAL MASTER**<br><br>[~~Proposed~~ **Order Appointing Special Master submitted separately**] |

JOINT STIP. RE: APPOINTMENT OF SPECIAL MASTER
Case No. C 04-01827 MHP

**JOINT STIPULATION RE: SPECIAL MASTER**

Plaintiff The Flintkote Company ("Flintkote") and defendant Aviva Insurance Company of Canada ("Aviva"), by and through their counsel, submit this Joint Stipulation to Judge Cahill as Discovery Referee, pursuant to JAMS requirements.

The parties disagree as to the application of the Court's Memorandum Opinion and Order re: Plaintiff's Request for Reinsurance and Reserves Information and In Camera Review of Redacted Documents (Docket No. 287, attached hereto as Exhibit A and referred to as the "May 26 Order") to documents currently being withheld by Aviva (as described in the transcript of an October 7, 2009 Pretrial Conference (excerpts attached hereto as Exhibit B) at 64:8-64:23).

Flintkote seeks the production of documents from Aviva, contending that Aviva has not complied with the May 26 Order, in that Judge Patel has directed that only "really, truly" attorney-client communications may be withheld. (Transcript at 73:9-16). Aviva contends that the May 26 Order did not extend to the files of Aviva's counsel, but applied only to Aviva's own files, and that Aviva need not produce any additional documents. After several meet-and-confer sessions, the parties have not been able to reach a resolution. The parties raised the issue with the Court on several occasions, including at a Pretrial Conference held on October 7, 2009. There, the Court stated that it would not conduct a document-by-document review, but recommended that the parties obtain a discovery referee to review the disputed documents in the context of the May 26 Order and the Court's statements at the October 7, 2009 hearing and determine whether any must be produced.

Flintkote proposed and Aviva agreed to the appointment of The Hon. William J. Cahill (Ret.) ("Judge Cahill") of JAMS to serve as a special master (hereinafter, the "Special Master") pursuant to Federal Rule of Civil Procedure 53.

The parties have also discussed employing Judge Cahill on other discovery matters, and intend for this Stipulation and the Order to be broad enough to encompass a referral of these other discovery matters, so long as both parties agree to the referral.

The parties have received a signed disclosure statement from Judge Cahill and are submitting concurrently the conflicts affidavit from Judge Cahill pursuant to Rule 53(b)(3)(A).

1. Judge Cahill has accepted the appointment, subject to formal documentation.

Pursuant to the Court's determination on October 7, Aviva shall pay all costs and expenses for the services of the Judge Cahill concerning the issue of whether Aviva must produce additional documents from the files of its counsel (as Aviva contends that all files Aviva has kept have been produced in accordance with the May 26 Order)*,* at his normal billing rates, subject to reallocation by the Court. (October 7 Transcript at 74:7-20). If the parties agree to submit other matters to Judge Cahill, the parties will initially split the costs and expenses of Judge Cahill on such matters, subject to reallocation by the Court, consistent with the presumption that the losing party will pay such expenses in the absence of substantial justification or other circumstances making an award of costs unjust as laid out in Federal Rule of Civil Procedure 37. Subject to the above, the parties agree to follow Judge Cahill's standard billing procedures.

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. The parties jointly request that the Court appoint Hon. William J. Cahill (Ret.) as Special Master;

2. The parties jointly request that the Court enter an Order Appointing Special Master in the form proposed; and

3. Upon the Court's entry of the Order Appointing Special Master, that Order will govern matters relating to the Special Master's appointment and service, subject to any further modification or amendment as contemplated under Rule 53.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: November 13, 2009              IRELL & MANELLA LLP

By: /s/ *Marc S. Maister*
Marc S. Maister
Attorneys for Plaintiff
The Flintkote Company

| | |
|---|---|
| 1   Dated: November 13, 2009 | ROBINSON & WOOD, INC. |

By: /s/ *Bonnie Margaret Ross*
    Jesse F. Ruiz/Bonnie Margaret Ross
    Attorneys for Defendant
    Aviva Insurance Company of Canada

1  IRELL & MANELLA LLP
   Marc S. Maister (SBN 155980; mmaister@irell.com)
2  Laura A. Seigle (SBN 171358; lseigle@irell.com)
   Michael Fehner (SBN 207312; mfehner@irell.com)
3  840 Newport Center Drive, Suite 400
   Newport Beach, CA  92660-6324
4  Telephone:  (949) 760-0991
   Facsimile:  (949) 760-5200
5
   Attorneys for Plaintiff
6  The Flintkote Company

7  ROBINSON & WOOD, INC.
   Jesse F. Ruiz (SBN 77984; JFR@robinsonwood.com)
8  Bonnie Margaret Ross (SBN 178591; BMR@robinsonwood.com)
   Helen H. Chen (SBN 213150; HHC@robinsonwood.com)
9  227 North First Street
   San Jose, CA 95113
10 Telephone:  (408) 298-7120
   Facsimile:  (408) 298-0477
11
   Attorneys for Defendant
12 Aviva Insurance Company of Canada

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE FLINTKOTE COMPANY, a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA, a Canada insurance company; GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED OF PERTH, SCOTLAND, a Scotland insurance company; and DOES ONE through TEN,<br><br>            Defendants. | Case No. C 04-01827 MHP<br><br>**[PROPOSED]** **ORDER APPOINTING SPECIAL MASTER**<br><br>**[Joint Stipulation filed concurrently]** |

# ORDER

Pursuant to the parties' concurrently filed Joint Stipulation for Appointment of Special Master and Federal Rule of Civil Procedure 53 ("Rule 53"), and good cause appearing therefor, the Court hereby orders as follows:

1. <u>Appointment of Special Master</u>:  Plaintiff The Flintkote Company ("Flintkote") and defendant Aviva Insurance Company of Canada ("Aviva") have stipulated to the selection of Hon. William J. Cahill (Ret.) ("Judge Cahill") as a special master in this action.  Judge Cahill has filed an affidavit attesting that no grounds for disqualification under 28 U.S.C. § 455 exist.  Therefore, Judge Cahill (hereinafter, the "Special Master") is hereby appointed as Special Master.

2. <u>Scope of Duties</u>:  The Special Master shall determine which documents, if any, Aviva must produce to Flintkote.  Specifically, the Special Master shall review certain documents in the context of the Court's Memorandum Opinion and Order re: Plaintiff's Request for Reinsurance and Reserves Information and In Camera Review of Redacted Documents (Docket No. 287, referred to as the "May 26 Order"), the Court's statements at the October 7, 2009 hearing, and applicable legal authorities to make this determination.  *See* Oct. 7 Transcript, at 74:7-18 (stating that the discovery referee should "review them [the documents] in the context of the Court's earlier order and the context of what I've just said.").  Flintkote shall submit a written brief, and Aviva a written response, on this matter to the Special Master.  The Special Master shall issue a report and recommendation on the issues of whether and which documents are properly withheld and which should be produced.  The Special Master may review and/or report on any additional disputes pursuant to the consent of both parties or further order of this Court.

3. <u>Scope of Authority</u>:  The Special Master shall have all the authority provided in Rule 53(c), and may adopt any additional procedures that are not inconsistent with Rule 53 or with this or other orders of the Court.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

[PROPOSED] ORDER APPOINTING SPECIAL MASTER
(Case No. C 04-01827 MHP)

4. <u>Time for Completion of Duties</u>: The Special Master is directed to proceed with all reasonable diligence to complete the matters submitted by this Order. The Special Master shall submit a report to the Court containing recommendations and may submit a draft report to both parties for review and comment before submitting the report to the Court.

5. *Ex Parte* Communications: The Special Master may communicate with the Court regarding administrative matters such as scheduling. The parties may communicate *ex parte* with the Special Master regarding administrative matters such as scheduling.

6. <u>Preservation of Record</u>: Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to the Special Master by the parties, and any Report of the Special Master (including, to the extent applicable, any reports, findings, or recommendations included therein or a necessary part thereof) (hereinafter, "Special Master's Report").

7. <u>Evidence in Support of the Special Master's Report</u>: When submitting his report, the Special Master shall provide the Court with all portions of the record preserved under Rule 53(b)(2)(C) that he deems relevant. The parties may designate additional materials from the master's record, and may seek permission to supplement the record with evidence. The Court may direct that additional materials from the master's record be provided and filed.

8. <u>Service/Filing of Reports</u>: Any Special Master's Report shall be e-mailed to the parties. Such e-mailing shall fulfill the Special Master's duty to serve Reports on the parties. In addition, any Special Master's Report shall be "e-filed" in a notice of ruling by the party designated by the Special Master to make such notice.

9. <u>Action on Special Master's Reports</u>: Any action by a party on a Special Master's Report shall be governed by Rule 53(f), subject to the following conditions:

   a. Any objections to or motions regarding a Special Master's Report will be filed no later than 10 calendar days after service of the Report. A party may file an opposition to any such objection or motion no later than 7 calendar days after service of the objection or motion. Service of objections, motions, or oppositions shall be via e-mail.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

[PROPOSED] ORDER APPOINTING SPECIAL MASTER
(Case No. C 04-01827 MHP)

1        b.      The standards of review applicable to the Special Master's recommendations shall be as adopted in Rule 53(f); specifically:

           1.    De novo review of factual findings and legal conclusions, and

           2.    Abuse of discretion for procedural matters.

10.     <u>Compensation</u>: Aviva shall pay the Special Master's fees and costs for his work on the issue of which documents from the files of Aviva's counsel (as Aviva has represented that it has produced all documents within its own files to Flintkote) must be produced. If the Court determines that Flintkote's request for resolution of that issue was not well-taken, the Court will reallocate the Special Master's fees and costs. If the parties decide to submit any additional discovery disputes to the Special Master, the parties will initially split the Special Master's fees and costs, subject to reallocation by the Court, consistent with the presumption in Federal Rule of Civil Procedure 37 that the unsuccessful party will pay such costs and expenses absent substantial justification or other circumstances making such an award unjust. Any changes to the General Fee Schedule are subject to approval by this Court.

IT IS SO ORDERED.

Dated: \_11/24_____, 2009

IT IS SO ORDERED
Judge Marilyn H. Patel

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

[PROPOSED] ORDER APPOINTING SPECIAL MASTER
(Case No. C 04-01827 MHP)