ARCHIE S. ROBINSON [SBN. 34789]
  asr@robinsonwood.com
JESSE F. RUIZ [SBN. 77984]
  jfr@robinsonwood.com
BONNIE M. ROSS [SBN. 178591]
  bmr@robinsonwood.com
ROBINSON & WOOD, INC.
227 N 1st Street
San Jose, California 95113
Telephone: (408) 298-7120
Facsimile: (408) 298-0477

Attorneys for Defendant
AVIVA INSURANCE COMPANY OF CANADA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE FLINTKOTE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA, a Canada insurance company; GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED OF PERTH, SCOTLAND, a Scotland insurance company; and Does 1 through 10,<br><br>Defendants. | Case No. C 04-01827 MHP<br><br>**AVIVA'S FULL RESPONSE TO FLINTKOTE'S NOTICE OF NONCOMPLIANCE WITH ORDERS ON RESERVES AND IMPROPERLY WITHHELD DOCUMENTS**<br><br>Dept.: 18<br>Judge: Hon. Marilyn H. Patel |

I.  **Introduction**

Flintkote's account of Aviva's conduct in its recently-filed discovery motion (the so-called "Notice of Noncompliance with Orders on Reserves and Improperly Withheld Documents) is inaccurate and its request for leave to bring a motion for sanctions is premature and unwarranted. As stated in Aviva's Preliminary Response (Doc. #501, Filed 3/11/2010), Aviva agrees to the deadline of Friday, March 19, 2010 for the production of remaining documents. Aviva responds to the remaining issues raised by Flintkote's discovery motion as follows:

## II. Reserve Documents

- After receipt of the Court's May 26, 2009 Memorandum & Order Re: Plaintiff's Request for Reserves and Reinsurance Information, Aviva produced the reserve information in Aviva's claims file and believes that all of it was produced, unless it is otherwise privileged. Declaration of Jesse F. Ruiz in Support of Aviva's Full Response to Flintkote's Note re Noncompliance, ¶ 2.

- As stated in Aviva's Preliminary Response to Flintkote's discovery motion, Aviva plans to produce by March 19, 2010, and likely by March 16 if possible, the reserves documents it has been able to find. Ruiz Decl., ¶ 3. Early last week, Aviva's counsel notified Flintkote of difficulties it was experiencing in locating reserves documents, and of its intention to produce the documents as soon as it was able, and yet Flintkote filed its discovery motion (the so-called "Notice non-compliance") prematurely.

- Aviva has assembled the following categories of documents that Aviva will attempt to produce by March 16, or at the very latest March 19:
  - Minutes of Claims Actuarial and Reserve Meetings, March 20, 2001 to the present. As best as can be determined, such minutes were not kept before 2001. Every entry related to Flintkote and/or Asbestos IBNR has been produced.
  - List of Transactions for Flintkote specific reserves, 3/15/04 to present. All debits and credits for this reserve file are listed and expense coded.
  - Large Loss Reports: 3/15/04 to present (1/27/10). These reports show case reserves and all changes to the case reserves.
  - IBNR Reports for Latent Claims and Sub-category for Asbestos from 12/2001 to present. Such reports were not kept before 12/2001. These reports are similar to the screen prints previously given to Flintkote and reflect all changes to Asbestos IBNR.

- Litigation Register 12/31/04 to present (12/31/09). These are descriptive reports that show all changes to Flintkote specific and IBNR for Asbestos. They list the current events and any change to the level of reserve. Ruiz Decl., ¶4-5.

- The documents Aviva will produce therefore comply with the Court's order to disclose the levels of reserve for Flintkote specific and IBNR and all changes to either from the dates these records began. (The IBNR began in 2001 and the Flintkote case reserve began in 2004). The documents being produced by Aviva also consist of all documents that reflect why changes were made to either level of reserve. As for Flintkote-specific reserves before the inception of the lawsuit, that information is contained in the claims file documents that have already been produced to Flintkote. Ruiz Decl., ¶6.

- In order to produce the above-described records, Aviva conducted comprehensive searches, which took far longer than Aviva had anticipated. Aviva performed a computer search for all Flintkote and Asbestos reserve related files, and a search for hard copies of minutes and search for claims related documents and reports (Large Loss Reports & Litigation Register reports) that would reflect levels of reserve, changes to levels of reserve and documentation of the reasons for either. Ruiz Decl., ¶7.

### III. Documents to Be Produced and Withheld Under Judge Cahill's Report and Recommendations

In its discovery motion, Flintkote admits that it has now received all of the specific documents reviewed and ordered produced by Judge Cahill. Accordingly, there is no prejudice to Flintkote and no cause for an order for sanctions. Flintkote's primary complaints appear to be that Aviva produced too much, that Aviva did not produce enough "good stuff," and that Aviva has not scheduled the depositions of deponents Flintkote identified for the first time on March 1. Aviva addresses each of these points below.

- Flintkote complains that Aviva has now produced too much, and has produced documents that Flintkote now indicates that it did not want. But Aviva simply produced what it was

obligated to produce under Judge Cahill's Report and Recommendation ("the Cahill Report"). Aviva has completed an extremely time-consuming re-review of approximately 22 boxes of documents from the files of its outside counsel, Thomson Rogers, to determine whether any of the documents previously withheld or redacted fall within the rules established by the Cahill Report, and having found such documents, has produced them to Flintkote. Declaration of Bonnie Margaret Ross, ¶ 2. Although it had numerous opportunities to do so, at no time did Flintkote indicate to Aviva that did not want the documents that Aviva has now produced.

- Flintkote specifically complains that Aviva has re-produced to Flintkote the notices that Flintkote sent to Aviva and/or Thomson Rogers. Aviva produced these documents for several reasons. The primary reason was that Judge Cahill ruled that a database maintained by Thomson Rogers for the eventuality of litigation was not privileged. Thus, all database-related documents could longer be withheld by Aviva. This has resulted in the production of many documents to Flintkote that were previously withheld or redacted. Ross Decl., ¶ 2. Included among the documents in the new production are thousands of pages of claims-related documents, which were sent to Aviva by Flintkote, and which bear handwritten notations by Thomson Rogers attorneys and their staff concerning the litigation database. *Id.* To comply with Judge Cahill's orders, Aviva has un-redacted the database-related notations and re-produced those documents. Aviva has no doubt that had it **not** produced these documents to Flintkote, Flintkote would have complained about the failure to produce them. Moreover, if Flintkote did not want the documents that Aviva had redacted for work product relating to its database, Flintkote should have so stated at the time Judge Cahill made his rulings on such documents, or at the time the Court adopted the Cahill Report, or at the very least, when Aviva asked in good faith whether Flintkote wanted this material before Aviva undertook to review and painstakingly un-redact each of these document, thus sparing Aviva much time and expense.

- Flintkote's accusation that Aviva continues to improperly withhold documents is based upon rank speculation. Flintkote's position appears to be that if it repeats the claim often enough, it will become true. But Flintkote has no evidence to suggest that Aviva is improperly withholding documents. Apparently Flintkote was under the impression that this production would contain much more interesting material that what Aviva actually had ("Aviva continues to withhold the good stuff"). Aviva has produced what is obligated to produce and has withheld only those documents that it was permitted to withhold under the Cahill Report. Aviva did not decide which documents Flintkote should receive based on whether Flintkote would consider them "good stuff." Aviva is not responsible for Flintkote's disappointment that the documents Aviva previously withheld were not more interesting, useful or helpful to Flintkote.

- Flintkote's reliance upon Aviva's prior privileged logs to claim that Aviva continues to improperly withhold documents is misplaced. The privilege designations on Aviva's prior logs were incomplete as to some documents, which were identified therein solely as "work product," when in fact they should have been identified as both attorney-client and work product. For some of the documents, under this Court's orders and the Cahill Report (both of which were issued after Aviva prepared its privilege logs), certain documents are justifiably withheld as attorney client communications or in Judge Cahill's words, "genuine work product." Ross Decl., Exh. A, Cahill Report, 14th page, under heading "Document MM." Aviva is in the process of preparing a privilege log for the documents now being withheld as privileged. Ross Decl., ¶2. The new privilege logs will reflect Judge Cahill's rulings on which documents are privileged and which are not, and they will replace Aviva's prior privilege logs. *Id.*

- Aviva intends to ask the Court for a clarification of its March 5, 2010 Memorandum & Order Re: Pre-Trial Motions and Issues, because one of the rulings regarding Aviva's production obligations made by the Court in that Order appears to conflict with several

rulings made by Judge Cahill on the documents he reviewed and ordered "do not produce." Because Aviva had not received the Court's 3/5/10 Order when it performed its recent re-review of documents, during its review Aviva properly applied the rules Judge Cahill established for that production. Depending on the Court's response to Aviva's Request for Clarification, Aviva may have to produce additional documents. Aviva will submit its Request Clarification after Aviva completes its privilege log.

- Flintkote's relies on its own lists of documents it believes Aviva should produce, but these lists are meaningless. Flintkote's lists are based upon Aviva's prior privilege logs and for many of the documents on those logs, Aviva is no longer claiming privilege. Under the Cahill Report, Aviva was obligated to re-review the entirety of its outside counsel's files. Indeed, Flintkote acknowledged in letter to Aviva's counsel that its lists of documents had no real utility, as they do not represent the only documents Aviva is obligated to produce. In Flintkote's counsel's words, Flintkote's lists were "noninclusive." See Exh. B to Ross Decl., p. 1 ("To be clear, the provision of a list in no way means that these are the only documents in which Flintkote is interested") & Exh. C to Ross Decl. ("any list we put together cannot be exhaustive").

- In addition, many of the documents on Aviva's prior privilege logs fall within the attorney-client privilege pursuant to the Cahill Report, although they may have been categorized only as work product on those logs, and thus they are properly withheld. The documents Aviva continues to withhold as privileged will be described on Aviva's new privilege log. Nevertheless, Aviva will agree to review Flintkote's lists of documents Flintkote believes should be produced, and if any remain, will discuss them with Flintkote. Ross Decl., ¶3. In truth, Aviva has produced far more documents than it has withheld, and has withheld only those it is entitled to under the Cahill Report. Ross Decl., ¶2.

- As noted, Aviva has volunteered to produce a new privilege log for the remaining documents being withheld. The majority of the documents now being withheld come within the attorney-client privilege as it was defined and applied by Judge Cahill; others come within other "do not produce" categories permitted by Judge Cahill. Ross Decl., ¶4. While no date for the privilege log was ordered or agreed upon by the parties, Aviva anticipates that it will be able to send Flintkote a privilege log by March 19, and likely before. *Id.* Aviva's ability to complete the privilege log has been delayed by the need to respond to Flintkote's barrage of letters and emails, the need to complete the productions, the need to correct the problems with the productions discussed above, the need to respond to Flintkote's filings with the Court, and Flintkote's immediate demand to schedule depositions. Aviva believes that after production of Aviva's new privilege log, it will be apparent that there are no further disputes over documents. *Id.*

- Flintkote's demand that Aviva submit briefing to Judge Cahill is premature. Until Aviva completes and submits its privilege log with Flintkote, it is not known which documents will still truly still be in dispute. Since Flintkote did not object to any aspect of the Cahill Report, it can be inferred that Flintkote does not intend to continue bickering about the categories of documents Judge Cahill ordered that Aviva could properly withhold. Aviva therefore anticipates that Flintkote will agree that the majority of the documents on Aviva's privilege log will comport with Judge Cahill's rulings and the Court's regarding which documents Aviva may validly withhold or redact.

- Flintkote's assertion that the small set of documents personally reviewed and ordered produced by Judge Cahill could have been produced in under an hour is based upon sheer speculation. Ross Decl., ¶5. Rather than reviewing piecemeal and producing documents piecemeal as Flintkote demanded, Aviva has undertaken a thorough document-by-document review and production of the files in which those documents were located. For reasons related to the difficulties Aviva is having with its vendor, certain of the documents

that were part of Judge Cahill's review and his order to produce were not included in the large production Aviva made on March 5, 2010. On March 9, however, Aviva corrected the situation and produced them by email. Flintkote acknowledges that it has now received those documents. *Id.*

- Regarding Flintkote's complaints of delay in receiving the productions, Aviva has experienced difficulty in assembling its productions due to problems attributable to the vendor that Aviva's counsel retained to assist in electronic productions. Ross Decl., ¶6. So, for example, for the production sent to Flintkote on March 5, 2010, which contained thousands of pages of documents, Aviva had entirely removed the redactions from a number of documents in their electronic form, and yet when they were selected for production to Flintkote as image files, the redactions still appeared on some of the documents when they should not have. Aviva has now sent Flintkote a corrected production containing all the documents properly unredacted.

- While Flintkote claims that Aviva is delaying the taking of depositions ordered by the Court based on Aviva's productions, Flintkote failed to inform the Court that it was not until March 10, 2010 at approximately 3 p.m., the day before Flintkote filed its discovery motion, that Flintkote sent Aviva a list of the names of the witnesses Flintkote wished to depose. Flintkote also fails to inform the Court that the number of witness Flintkote now seeks to depose is far in excess of what the Court permitted when it addressed this issue at a hearing on February 12, 2010. See Ross Decl., Exh. D..

- At the hearing on February 12, 2010, Aviva's counsel Mr. Ruiz offered Chris Townsend, the head of Aviva's actuarial department and custodian of record for reserve documents, for deposition on the reserve issues. Ross Decl., Exh. D, p. 30 & 34. The Court stated that Flintkote may take "a deposition, or two." *Id.* at p. 70. The Court ordered the parties to "agree upon yourselves, maybe, to getting all of this information from a couple of people,

if that's possible." *Id.* Flintkote's counsel indicated that it would take "probably two people" who had previously been deposed, and whose depositions Flintkote claimed had remained open for reserves questions, in addition to Mr. Townsend. *Id.* at p. 71. The Court again ordered Flintkote to limit the number of depositions. *Id.* at p. 71. When Flintkote then pressed for additional depositions of on the separate topics covered in documents Aviva would be producing, the Court did not make any ruling, but simply ordered the parties to meet and confer on the issue. *Id.* at p. 85.

- In its demand for depositions Flintkote listed eight witnesses: Greg Somerville, Victor Wiwchar, Kari Elovaara, Chris Townsend, Hillel David, Doug Goudie, and Craig Brown, and Shirlee Crawford. Only the four of these witnesses could have anything to say about reserves; the last three were employed by Aviva's outside counsel Thomson Rogers. Mr. David has already been deposed. Mr. Goudie and Mr. Brown are not witnesses whose identity Flintkote has just discovered as a result of Aviva's new document productions; rather, their names have been known to Flintkote since the 1980s, as both of them corresponded with Flintkote. Ross Decl., ¶ 10. Ms. Crawford was an assistant for the Thomson Rogers firm whose primary responsibility was inputting data from the claims documents received from Flintkote into the database maintained by Thomson Rogers for the eventuality of litigation. *Id.* The Court certainly has not permitted Flintkote to engage in a limitless reopening of discovery, as Flintkote appears to be attempting here.

- Less than a day after Flintkote sent its list of eight witnesses to Aviva, Flintkote asked the Court to impose sanctions based upon Aviva's failure to provide dates for those depositions. It will take more than a day to arrange these depositions. Aviva has now communicated with Flintkote on this issue in an attempt to meet and confer and is hopeful that Flintkote will voluntarily limit the number of depositions and provide reasonable time limits for these depositions so that the depositions can be scheduled.

- Aviva notes that Aviva has demanded, but Flintkote has failed to produce, any work product documents to Aviva. Flintkote received hundreds of thousands of claims beginning in the 1980 and continuing 20 years, sued all of its other insurers in the 1980s, but did not commence coverage litigation against Aviva until 2004. Flintkote cannot claim protection for the thoughts of its in-house and outside counsel on the basis that it anticipated litigation against Aviva in light of the fact that it did not sue Aviva until twenty years after it asserts it became aware of the claims that it now claims Aviva was obligated to cover, and moreover that Aviva acted in bad faith for not covering. Yet Flintkote has repeatedly withheld testimony, documents and information from Aviva on the grounds of work product. For example, Flintkote has refused to answer Aviva's requests concerning when it became aware that there was coverage under the Aviva policy, why Flintkote sued all of its other insurers but not Aviva, and why it waited so long to pursue coverage from Aviva. Flintkote has consistently asserted the work product protection for this information during depositions of its counsel, and has refused to produce documents responsive to these questions on the grounds that they are work product. Ross Decl., ¶ 13. But Flintkote's own actions in pursuing all of its other insurers and not communicating with Aviva for years belie its position that it was anticipating litigation in the 1980s, the 1990s and 2000s (at least until shortly before this litigation began in 2004). Aviva therefore anticipates that it will need to seek the Court's assistance in compelling Flintkote to produce this information.

Dated: March 11, 2010

ROBINSON & WOOD, INC.

By: /s/
JESSE F. RUIZ
BONNIE M. ROSS
Attorneys for Defendant
AVIVA INSURANCE COMPANY OF CANADA